FILED
2011 Feb-28  PM 04:21
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION (HUNTSVILLE DIVISION)

| | | |
|---|---|---|
| **OWEN L. BAKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.:** |
| **v.** | ) | |
| | ) | |
| **GILDAN ACTIVEWEAR, INC.,** | ) | |
| **AND** | ) | |
| **V.I. PREWETT & SON, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

## I.   INTRODUCTION

1.     This is an action for legal and equitable relief to redress unlawful harassment on the basis of sex against the plaintiff.  The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. §§ 2000 *et seq.* (hereinafter "Title VII").  The plaintiff also asserts claims under Alabama law for assault and battery, invasion of privacy, intentional infliction of emotional distress, and negligent and/or wanton training, supervision, and retention.  The plaintiff requests a trial by jury of all issues triable to a jury.

II.    **JURISDICTION**

2.     Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), and 42 U.S.C. § 2000e-5.  Supplemental jurisdiction for the state law claims is invoked pursuant to 28 U.S.C. § 1367.

3.     All of the unlawful employment practices challenged in this action occurred in DeKalb County, Alabama.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5.

III.   **ADMINISTRATIVE PREREQUISITES**

4.     The plaintiff has met all administrative conditions precedent for filing this case under Title VII, including filing a timely EEOC charge (Ex. A.), and filing this lawsuit within ninety days of receiving the *Notice of Right to Sue (Conciliation Failure)* which was issued on November 30, 2010 (Ex. B).

IV.    **PARTIES**

5.     Plaintiff Owen L. Baker is a male citizen of the United States over the age of nineteen (19) years and has been at all times pertinent to the matters herein a resident citizen of the State of Alabama.

6.     The Defendant, Gildan Activewear, Inc., was an employer of the plaintiff during the time period pertinent to this lawsuit.  This defendant employs more than five hundred (500) people and thus is an "employer" for Title VII purposes.

7.     The Defendant, V.I. Prewett & Son, Inc., was an employer of the plaintiff during the time period pertinent to this lawsuit. This defendant employs more than one hundred (100) people and thus is an "employer" for Title VII purposes.

V.     **STATEMENT OF FACTS**

8.     The plaintiff realleges and incorporates by reference paragraphs 1-7 above with the same force and effect as if fully set out in specific detail hereinbelow.

9.     On or about May 5, 1998, Plaintiff began working for defendants at a mill located in Fort Payne, Alabama. In approximately 2008, he was transferred to a larger mill in Fort Payne, where he worked until the plant was shut down in September 2010.

10.     Larry Brewer was one of plaintiff's supervisors, at both the old location, and the larger location.

11.     Brewer would touch plaintiff, such as touching his back with one hand while rubbing his belly with the other, even in front of co-workers, and would tell him to grunt or shake to show how much he liked it. Brewer would tell Plaintiff to make a muscle or make a fist, and then Brewer would physically feel his arm muscles. Brewer would rub Plaintiff's belly from his chest to his private area on many occasions.

12.     Brewer talked about sex and made sexual comments, such as "how do you feel about showing affection between men?" and "you sure smell good;" "you sure look good;" "you're looking good tonight;" "I'd like to take you out on a date;" "what would you do if I grabbed your private area in my hand and squeezed them like grapes and let them come through my fingers;" "I need a little loving before you go;" and "I can get you if I want you." On occasion, Brewer would whistle at Plaintiff and then make a comment such as, "you sure smell good."

13.     Brewer touched Plaintiff and/or made sexual comments at least once a week for more than two years.

14.     Brewer's sexual harassment was frequent, unwelcome, based on the plaintiff's gender and pervasive such that it adversely affected the terms and conditions of the plaintiff's employment.

15.     Brewer's harassment was pervasive, open, and obvious and, on information and belief, he had subjected other males to sexual harassment, and other males had made complaints of sexual harassment against Brewer as well.

16.     Plaintiff did not receive any training on harassment, and did not receive an employee handbook.

17.     On or about September 18, 2008, Plaintiff went to Linda Sterling in Human Resources to make a complaint of sexual harassment against Brewer. Sterling told him he could file a formal complaint, but that it would be a lot of

trouble, that she would have to hunt up the paper work, he would have to have witnesses, and twice to him that Brewer would not be fired after the investigation.

18.    On or about October 21, 2008, when nothing was done in response to his complaint, Plaintiff filed a formal complaint with the EEOC.

19.    Subsequent to Plaintiff's complaint, Brewer continued to sexually harass him, including comments and behaviors as noted in paragraph 11.

20.    Upper management of the Defendant had actual and constructive knowledge of Brewer's harassment of the plaintiff and others, yet failed to take prompt and effective remedial action.

21.    Brewer sexually harassed other male employees, including grabbing a male employee's buttock, giving male employees bear hugs, touching male employees' legs, rubbing a male employee's bald head while patting his stomach, and calling the men he sexually harassed, "Larry's boys."

22.    At least one other male complained to management of Brewer's sexual harassment.

23.    The actions of the Defendant were done with malice and/or reckless disregard for the federally protected rights of the Plaintiff.

24.    As a result of the Defendant's actions, Plaintiff suffered emotional distress, mental anguish, embarrassment, humiliation, inconvenience, loss of enjoyment of life and loss of income, earnings and benefits.

## VI.    CAUSES OF ACTION

## COUNT I
## SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

25.    The plaintiff re-alleges and incorporates by reference paragraphs 1-24 above with the same force and effect as if fully set out in specific detail hereinbelow.

26.    Brewer's harassment of the plaintiff was unwelcome and was severe and pervasive enough to adversely affect the terms and conditions of his employment.

27.    The defendants are vicariously liable for Brewer's harassment because Brewer was the plaintiff's supervisor and was charged with investigating and implementing the defendant's harassment policy.  The defendants are vicariously liable for Brewer's harassment because Linda Sterling was the human resources representative who was charged with investigating and implementing the defendants' harassment policy. The defendants knew or should have known of Brewer's harassment of the plaintiff and/or his proclivity for sexually harassing male employees, and did not take prompt, effective remedial action.  Therefore, the defendants are liable for violating the proscription against discrimination on the basis of sex found in Title VII.

## COUNT II
## ASSAULT AND BATTERY

28.     The plaintiff re-alleges and incorporates by reference paragraphs 1-27 above with the same force and effect as if fully set out in specific detail hereinbelow.

29.     This is a claim arising under the law of the State of Alabama to redress Brewer's assault and battery against the plaintiff and the defendants' ratification of that conduct.

30.     Brewer physically assaulted and battered Plaintiff when he intentionally touched him on his back, stomach, and arms.

31.     Such conduct proximately caused the plaintiff to suffer physical and emotional distress and trauma, for which he claims compensatory and punitive damages from the defendant.

32.     The Defendants condoned, authorized, and/or ratified Brewer's conduct because they knew of the assault and battery of the plaintiff, and failed or refused to adequately remedy Brewer's conduct.

## COUNT III
## INVASION OF PRIVACY

33.     The plaintiff re-alleges and incorporates by reference paragraphs 1-32 above with the same force and effect as if fully set out in specific detail hereinbelow.

34.     This is a claim arising under the law of the State of Alabama to redress violations by Brewer of the plaintiff's right to privacy and the defendants' ratification of that conduct.

35.     The conduct of Brewer, as set out above, was an invasion of the plaintiff's privacy and proximately caused the plaintiff to suffer emotional distress and trauma for which he claims compensatory and punitive damages from the defendants.

36.     The defendants condoned, authorized and/or ratified Brewer's conduct because they knew or should have known of the continuing invasion of privacy of the plaintiff and/or other males and failed to adequately remedy Brewer's conduct.

## COUNT IV
## NEGLIGENT AND/OR MALICIOUS HIRING, RETENTION, SUPERVISION, AND TRAINING

37.     The plaintiff re-alleges and incorporates by reference paragraphs 1-36 above with the same force and effect as if fully set out in specific detail hereinbelow.

38.     This is a claim arising under the law of the State of Alabama to redress the defendants' negligence and/or malicious hiring, retention, training and supervision of Brewer and Sterling.

39.     By not conducting a background check or checking references, defendants negligently and/or maliciously hired Brewer, Sterling, and others, which proximately caused Brewer's harassment of plaintiff.

40.     By conducting no sexual harassment training, the defendants negligently and/or maliciously failed to train Brewer, Sterling and other employees adequately on the subject of sexual harassment, which proximately caused Brewer's harassment of the plaintiff.

41.     The defendants negligently and/or maliciously failed to supervise Brewer, Sterling and others adequately, which proximately caused Brewer's harassment of the plaintiff.

42.     The defendants negligently and/or maliciously failed to terminate Brewer, Sterling and others, after receiving actual and constructive notice of Brewer's proclivity for harassing male employees, which proximately caused Brewer's continued harassment of the plaintiff.

43.     The defendants knew or should have known that Brewer and Sterling were unfit to act as its agents and employees and Defendants directed, aided, participated, authorized or ratified the conduct of Brewer, Sterling and others, or the acts of Brewer and Sterling were calculated to or did benefit Defendants.

44.     Brewer's harassment of the plaintiff has caused him great emotional distress and trauma for which he seeks compensatory and punitive damage against the defendant.

## VII.   **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Grant the plaintiff a declaratory judgment holding that the actions of the defendants described hereinabove violated and continue to violate the rights of the plaintiff as secured by Title VII.

2.     Grant the plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with these defendants and on these defendants' behalf from continuing to violate Title VII.

3.     Issue an injunction ordering the defendants not to engage in sexual harassment, and ordering the defendants to establish written policies and procedures against such discriminatory conduct and a grievance procedure for reporting such conduct, and to abide by and to enforce said policies and procedures.

4.      Grant the plaintiff an order requiring the defendants to make the plaintiff whole by awarding him backpay (plus interest), and by awarding him compensatory, punitive, and/or nominal damages.

5.      The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully Submitted,


s/Michael E. Auffenorde
MICHAEL E. AUFFENORDE
Attorney for Plaintiff


OF COUNSEL:
AUFFENORDE & AUFFENORDE, P.C.
511 Madison Street
Huntsville, Alabama 35801
(256) 533-5383
(256) 533-4833 facsimile
aalaw@bellsouth.net

**PLAINTIFF DEMANDS TRIAL STRUCK BY JURY
ON ALL ISSUES TRIABLE TO A JURY**


s/Michael E. Auffenorde
MICHAEL E. AUFFENORDE

<u>DEFENDANTS MY BE SERVED AT THE FOLLOWING ADDRESS:</u>

Gildan Activewear, Inc.
c/o Gildan U.S. Manufacturing Administrative Offices
202 35th Street, N.E., P.O. Box 681089
Fort Payne, Alabama 35968

V. I. Prewett & Son, Inc.
c/o CSC Lawyers Incorporating Svc, Inc.
150 S. Perry Street
Montgomery, AL 36104

<u>PLAINTIFF'S ADDRESS:</u>
Owen L. Baker
c/o Michael E. Auffenorde
AUFFENORDE & AUFFENORDE, P.C.
511 Madison Street
Huntsville, AL  35801